IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| FREDY RAMOS,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br>    *Plaintiff,*<br><br>v.<br><br>CAPITAN CORPORATION,<br>    *Defendant.* | §<br>§<br>§<br>§<br>§    NO. MO:16-CV-00075-RAJ<br>§<br>§<br>§<br>§ |

## ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

BEFORE THE COURT is Plaintiff Fredy Ramos's ("Plaintiff") Motion for Conditional Certification, for Disclosure of Contact Information, and to Send Notices. (Doc. 5). Defendant Capitan Corporation ("Defendant") has filed a Response (Doc. 16), and Plaintiff has filed his Reply (Doc. 17). After due consideration of the Parties' briefing and the relevant law, Plaintiff's Motion for Conditional Certification shall be **GRANTED**. (Doc. 5).

### I. BACKGROUND

This case arises out of Plaintiff's employment with Defendant as an Engineer. (Doc. 1 at 2). Plaintiff brings this action individually and on behalf of all others "similarly situated as Engineers or other similar field employees" under 29 U.S.C. § 216(b) against Defendant, asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (*Id.* at 3). Plaintiff alleges Defendant provides "products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business." (*Id.* at 2). According to the Complaint, Defendant misclassified Engineers as exempt from payment of overtime premium. (*Id.* at 3). Plaintiff seeks a "declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendant's policy and practice of failing to pay Plaintiff overtime compensation for the excess of forty hours in a single week that he was made to work." (*Id.* at 1).

On January 15, 2016, Plaintiff filed his Original Collective Action Complaint. (*Id.*). On January 28, 2016, Plaintiff filed his Motion for Conditional Certification. (Doc. 5). On April 21, 2016, Defendant filed its Response in Opposition to Plaintiff's Motion for Conditional Certification. (Doc. 16). On April 22, 2016, Plaintiff filed his Reply in Support of Motion for Conditional Certification. (Doc. 17). Accordingly, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

An employee may bring an action for violating the minimum wage and overtime provisions of the FLSA either individually or as a collective action on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under Section 216(b) provides for a procedure to "opt-in," rather than "opt-out." *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 225 (5th Cir. 2011) (unpublished) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)). Although the United States Court of Appeals for the Fifth Circuit has declined to adopt a specific test to determine when a court should conditionally certify a class or grant notice in a case brought under the FLSA, the majority of courts within the Fifth Circuit have adopted the *Lusardi* two-stage approach, after *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).[1]

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). "Because the court has minimal evidence, this determination is made using

---

[1] *See, e.g., Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 719 (S.D. Tex. 2014) (applying *Lusardi*); *Mateos v. Select Energy Servs., LLC*, 977 F. Supp. 2d 640, 643 (W.D. Tex. 2013) (same); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011) (same); *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (same).

a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214. If the court finds that the putative class members are similarly situated, then conditional certification is warranted and the plaintiff will be given the opportunity to send notice to potential class members. *Id.* After the class members have opted in and discovery is complete, the defendant may then file a decertification motion—the second stage of the *Lusardi* approach—asking the court to reassess whether the class members are similarly situated. *Id.* At that point, the court will fully evaluate the merits of the class certification. *Id.*

### III. DISCUSSION

Plaintiff seeks conditional certification on behalf of a class of similarly situated persons. Accordingly, the Court need only address the first stage of the *Lusardi* inquiry. Plaintiff must show that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Tolentino v. C & J Spec–Rent Servs., Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010).

During the notice stage, the court makes its decision "usually based only on the pleadings and any affidavits which have been submitted[.]" *Id.* Courts "appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n. 8. "FLSA collective actions are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding common issues of law and fact arising from the same alleged activity." *Tolentino*, 716 F. Supp. 2d at 646.

Here, Plaintiff seeks certification with respect to: "All of Defendant's former and current Engineers (or similar positions) who worked at any time after January 15, 2013." (Doc. 5 at 1). Plaintiff's request is supported by his own declaration. (Doc. 5-5). Therein, Plaintiff states he was employed by Defendant as an Engineer from April 2014 to April 2015. (*Id.* at 1). Plaintiff claims he

"operated the equipment used at the oilfield well sites." (*Id.*). During his employment, Plaintiff "was always classified as a salaried employee and was not paid any overtime wages." (*Id.*). In addition to his salary, Plaintiff "received regular bonuses as part of [his] compensation as a part of a company-wide policy for salaried employees." (*Id.* at 2). According to Plaintiff, as a salaried Engineer, he "did not receive any overtime for hours worked in excess of forty (40) per week." (*Id.*). Plaintiff estimates he "worked approximately seventy (70) to one hundred (100) hours per week at a minimum—sometimes more." (*Id.*).

Defendant opposes Plaintiff's motion for conditional certification on the basis that Plaintiff was properly classified as "exempt from overtime under one or more highly individualized, fact-specific FLSA exemptions, including the Motor Carrier Act ("MCA") exemption, the highly compensated employee exemption, and, as part of the highly-compensated exemption and/or individually, the executive, administrative, and/or professional exemptions." (Doc. 16 at 2). Further, Defendant contends that "Plaintiff has failed to provide substantial allegations, much less evidence, of a uniform policy, plan, or decision infected by discrimination as required to show he and other engineers are similarly situated." (*Id.*). Defendant argues "[c]ollective adjudication in this case is not legally proper, and it would be neither efficient nor economical to conditionally certify an action for which decertification is inevitable." (*Id.*).

A.  **Existence of Aggrieved Co-Workers**

Plaintiff brings this collective action to recover unpaid overtime compensation owed by Defendant to currently or formerly employed Engineers during the statutory period. (Doc. 1 at 6–7). Plaintiff "worked at various well sites in Texas" and "performed jobs with different Engineers for a variety of customers." (Doc. 5-5). Based on his observations of other employees he worked with, Plaintiff declares that "long hours were typical of all Engineers." (*Id.*). Plaintiff and similarly situated employees worked in excess of forty (40) hours per week; yet, Defendant allegedly failed to

pay Plaintiff and other Engineers overtime compensation for all hours worked in excess of forty in a workweek. (Doc. 1 at 8).

The Court finds that Plaintiff is familiar with Defendant's compensation policies as a result of his former employment as an Engineer for Defendant and his discussions with other employees. The pleadings and submissions in this case allege that Defendant implemented the same policy of misclassification and underpayment with respect to many of its workers employed as Engineers. Because Plaintiff has personal knowledge of Defendant's compensation policies, the Court concludes that Plaintiff's Declaration is sufficient to credit "the assertion that aggrieved individuals exist," and the allegations that Defendant failed to appropriately compensate Plaintiff and other similarly situated employees as required by the FLSA. *Tolentino*, 716 F. Supp. 2d at 647.

**B.     Aggrieved Co-Workers Are Similarly Situated to Plaintiff**

To prevail on their Motion, Plaintiff must also show that he is similarly situated to the class members he seeks to represent. "[P]otential class plaintiffs are considered 'similarly situated' to the named plaintiffs if they are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Tolentino*, 716 F. Supp. 2d at 649–50. "The positions need not be identical, but similar." *Id.*

According to Plaintiff's Declaration, "[t]he job of an Engineer is very physical and demanding[.]" (Doc. 5-5 at 1). As an Engineer, Plaintiff worked outdoors and his "primary job duty was manual labor." (*Id.*). Plaintiff asserts he "did not have any special education and learned how to do the job of an Engineer by watching other Engineers do the same job." (*Id.*). Plaintiff claims he "did not receive any new training or orientation before being sent to work on jobs at different sites." (*Id.* at 2).

Further, Plaintiff declares that the job duties he "performed were the same at all of the locations" where he worked. (*Id.*). Finally, Plaintiff states that the "Engineer positions were essentially the same at all locations, so there was no need for orientation, training or re-training."

(*Id.*). Plaintiff's Declaration establishes that the putative class members perform the same type of work and job duties under the same conditions as Plaintiff and were also paid under a base salary plus bonus compensation that did not provide overtime compensation for hours worked in excess of 40 in a week. (*Id.*). As such, Plaintiff has raised substantial allegations to bind himself to the putative class members as victims of the same "decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n. 8.

The Court rejects Defendant's argument that individualized liability issues based on exemption defenses make representative adjudication improper. (Doc. 16 at 6). Notably, the various defenses available to Defendant, which appear to be individual to each plaintiff, are more appropriately considered at the second stage of the *Lusardi* inquiry. *Mooney*, 54 F.3d at 1213 n. 7, 1215–16; *See Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008). Considering the "fairly lenient" burden imposed at the first stage, the Court finds that Plaintiff's Declaration in support of conditional certification is sufficient evidence to show Plaintiff is similarly situated to the proposed class.

Moreover, Defendant has not identified any defenses personal to each plaintiff that potentially derive from different job requirements. Defendant contends Engineers are exempt from overtime requirements under the Motor Carrier Act exemption, which depends upon the class of work involved in the employee's job. 29 C.F.R. § 782.2(a). In addition, Defendant asserts that the highly-compensated exemption and other Section 213(a)(1) exemptions apply to Engineers. Yet, Plaintiff and all putative class members have the same employment title and job responsibilities as Engineers. Therefore, assuming Defendant can prevail on these exemption defenses, they would apply largely to all potential plaintiffs. Accordingly, the Court is not convinced the defenses asserted are so individualized that collective adjudication of this claim is unworkable. Therefore, Plaintiff has adduced sufficient evidence of a widespread discriminatory plan to show that he is similarly situated to the putative class members he seeks to represent.

C.   **Aggrieved Co-Workers' Desire to Opt In**

Lastly, Plaintiff has made a sufficient showing that other workers want to opt-in to the instant action. Plaintiff declares that other Engineers he worked with in various locations "would want to join this lawsuit if notice was issued and they were made aware of the suit." (Doc. 5-5 at 3). Considering the lenient burden at the notice stage of a collective action suit under the FLSA, the Court finds that Plaintiff has adequately shown other similarly situated workers desire to opt-in to this litigation and conditional certification of a collective action is appropriate at this time. *Tolentino*, 716 F. Supp. 2d at 653

D.   **Plaintiff's Proposed Notice**

The Court now considers Plaintiff's proposed form of Notice for distribution to putative class members in this case. Plaintiff has requested "court-approved notice[.]" (Doc. 5 at 11). Plaintiff seeks a ninety (90) day opt-in period. In addition, Plaintiff requests the Court order Defendant to provide the names, last known home, work and email addresses of potential opt-in plaintiffs in useable electronic form not later than two (2) weeks after the date of the entry of the order granting conditional certification. (*Id.* at 17–18). Next, Plaintiff requests permission to mail and email the proposed Notice to the class members and to distribute a reminder postcard via traditional U.S. Mail as well as a follow-up email. (*Id.* at 2). Furthermore, Plaintiff requests the proposed Notice be posted at each of Defendant's district offices in the same areas in which it is required to post government-required notices. (*Id.*).

A court has discretion regarding the form and content of the notice to ensure that potential plaintiffs receive accurate and timely information about the pending collective action. *Hoffmann–La Roche v. Sperling*, 493 U.S. 165, 169–70 (1989). Generally, a plaintiff should be allowed to use his preferred language in drafting the notice absent reasonable objections. *Reyes v. Quality Logging, Inc.*, 52 F. Supp. 3d 849, 852 (S.D. Tex. 2014) (citations omitted). However, a court also has a duty

7

to ensure that the notice does not appear to endorse the merits of the underlying claim. *Hoffmann–La Roche*, 493 U.S. at 174.

Defendant contends "Plaintiff is not entitled to telephone numbers or email addresses because he has no legitimate need for this sensitive information in distribution of any potential notices." (Doc. 16-1 at 2). Likewise, Defendant argues that discovery of work addresses of potential class members is not appropriate. (*Id.*). In addition, Defendant objects to distribution of the Notice by email. (*Id.* at 3). Defendant also objects to Plaintiff's request to distribute a reminder postcard and to post the Notice at Defendant's district offices. (*Id.* at 4). Further, Defendant asserts that the Notice should contain the contact information for defense counsel and inform potential opt-in plaintiffs that they "may contact any attorney of their choosing to discuss the case." (*Id.* at 5) (citing *Tolentino*, 716 F. Supp. at 655). Defendant also asks the Court to include language in the Notice suggesting there may be risk in participating in the lawsuit. (Doc. 16-1 at 5). Accordingly, Defendant requests the Court to modify Plaintiff's proposed Notice and plan for distribution. (*Id.* at 6).

### 1. Attachment of Pleadings to Notice

As an initial matter, Plaintiff requests that the Court approve the inclusion of Plaintiff's Original Complaint as well as Defendant's Answer along with the Notice. (Doc. 5 at 2). The Court finds that live pleadings should not be attached to the Notice. Rather, the Notice should contain language informing prospective class members of their ability to join this lawsuit as well as a brief explanation of Defendant's bases for disputing liability. *Tolentino*, 716 F. Supp. 2d at 655.

### 2. Limitations Period

Next, the Court notes that Plaintiff has incorrectly identified the relevant statutory period as "any time after January 15, 2013." (Doc. 5-1). The Court finds that the date of approval of notice is determinative for purposes of establishing a class period. Courts within the Fifth Circuit have repeatedly recognized that "based on the statute of limitations . . . class certification is appropriately limited to workers employed by the defendant up to three years before notice is approved by the

court." *Tolentino*, 716 F. Supp. 2d at 654 (quoting *Quintanilla v. A & R Demolition, Inc.*, No. H–04–1965, 2005 WL 2095104, at *16 (S.D. Tex. Aug. 30, 2005)); *Watson v. Travis Software Corp.*, No. H–07–4104, 2008 WL 5068806, at *9 (S.D. Tex. Nov. 21, 2008) ("A class period covering the three years before the date this court approves conditional certification and notice is appropriate in this case."). As such, the three-year limitations period under the FLSA should be measured from the date notice is issued, rather than the date Plaintiff's Complaint was filed. Accordingly, the definition of the proposed class is revised to include similarly situated workers employed by Defendant during the three-year period before the date the Court authorizes notice.

3. **Disclosure of Personal Information**

The Court finds that Defendant's privacy concerns can be dealt with through a protective order limiting the use and disclosure of this information. Thus, the Court will enter a standard protective order allowing the Parties to keep personnel-related records confidential and limit their usage to this litigation. However, Plaintiff has not demonstrated any need for additional personal information of putative opt-in plaintiffs beyond contact information at this stage of the case. The Court finds compelled disclosure of social security numbers and dates of birth inappropriate based on the privacy concerns of the potential class members. *See Nguyen v. Versacom, LLC*, No. 3:13-CV-4689-D, 2015 WL 1400564 (N.D. Tex. Mar. 27, 2014) (unpublished) (concluding that the need for compelled disclosure of prospective class members' "social security numbers is outweighed by their privacy interests"). As such, Plaintiff's request for additional personal information, including social security numbers and dates of birth, shall be denied.

4. **Objection to Omission of Defense Counsel's Contact Information**

Defendant contends that the Notice should contain the contact information for defense counsel. (*Id.* at 5). There is a split among district courts as to whether the inclusion of defense counsel's contact information is appropriate. *Garcia v. TWC Admin., LLC*, No. SA:14-CV-985-DAE, 2015 WL 1737932, at *7 (W.D. Tex. Apr. 16, 2015). Some have stated that "there is no basis

9

in logic" for the request to include defense counsel's contact information, while others note that "FLSA opt-in notices often contain the names of all counsel." *Id.* (internal citations omitted). Courts declining to order the inclusion of defense counsel's contact information generally cite ethical concerns about post-certification communication between defense counsel and class members. *Id.* "Including contact information for defense counsel in the class notice risks violation of ethical rules and inadvertent inquiries," causing needless confusion. *Id.* (citing *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010)). Therefore, the Court finds that inclusion of defense counsel's contact information in the proposed Notice is unwarranted. *See McCloud v. McClinton Energy Grp.*, LLC, No. MO:14-CV-120, 2015 WL 737024, at *10 (W.D. Tex. Feb. 20, 2015).

### 5. Objection to Language Regarding Defenses and Risks

Defendant asks the Court to modify the proposed Notice to include the following language about the risk of participating in the present lawsuit: "If judgment is rendered in favor of Capitan, the Court may tax certain statutory costs against the unsuccessful plaintiffs" but the attorneys for the collective action plaintiffs have agreed to pay such costs if they are ever assessed. (Doc. 16-1 at 5). Defendant also seeks to include the following language pertaining to its defenses:

> Capitan Corporation ("Capitan") has denied Plaintiff's allegations and also denies any liability to any putative plaintiffs. Capitan maintains that its engineers were properly compensated in accordance with the Fair Labor Standards Act ("FLSA"). Capitan maintains that its engineers are exempt from the overtime requirements of the FLSA under the Motor Carrier Act exemption, highly compensated employee exemption, and administrative, executive, and/or professional exemptions. Finally, Capitan contends it acted in good faith in classifying its employees such that liquidated damages are not recoverable.

(Doc. 16-1 at 5).

The Court finds that this language should be added to the proposed Notice to sufficiently put any potential opt-in plaintiffs on notice of their duties with regard to participating in this litigation as well as the fact that Defendant disputes liability in this case. *Tolentino*, 716 F. Supp. 2d at 655.

6. **Objection to Omission of Language Regarding Separate Representation**

Next, Defendant opposes the proposed Notice because it fails to inform potential opt-in plaintiffs that they "may contact any attorney of their choosing to discuss the case." *Tolentino*, 716 F. Supp. 2d at 655. The Court agrees with Defendant and finds that the proposed Notice must advise putative class members of their right to retain separate counsel and pursue their rights independently from the class. Therefore, Plaintiff must file a revised Proposed Notice including language advising putative class members of their right to separate representation by an attorney of their choosing.

7. **Objection to Dissemination of Notice by Email**

The Court is unpersuaded by Defendant's argument that Plaintiff is not entitled to telephone numbers or email addresses because he has no legitimate need for this sensitive information in distribution of any potential notices. (Doc. 16-1 at 2). Plaintiff cites a number of cases in which courts have permitted the emailing of notice to putative class members. (Doc. 5 at 13). The Court agrees with Plaintiff and the other courts in the cases cited by Plaintiff that sending of notice in FLSA proceedings via email is an appropriate method of distribution. *See Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *8–*9 (W.D. Tex. Mar. 31, 2015) (unpublished) (approving notice by email).

8. **Objection to Workplace Posting of Notice**

Defendant also opposes Plaintiff's request for workplace posting of the proposed Notice. (Doc. 16-1 at 4). Defendant claims generally that such workplace posting would "stir litigation and punish Defendant." (*Id.* at 4). However, Defendant presents no specific allegations or evidence to support the claim that it would suffer harm as a result of posting the proposed Notice at each of Defendant's district offices where it is required to post other government-required notices. Courts have approved physical posting as an appropriate form of notice in FLSA actions. *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 493 (E.D. Cal. 2005) (approving notice by posting in defendant's workplace over defendant's objections that such posting would be "punitive" and

11

unnecessary); *Johnson v. Am. Airlines, Inc.*, 531 F. Supp. 957, 961 (N.D. Tex. 1982) (approving notice by direct mail, posting notice on company bulletin boards, and publishing the notice in a company magazine). Accordingly, Plaintiff shall have permission to disseminate the notice by regular mail, electronic mail, and workplace posting.

### 9. Objection to Subsequent Mailings

Plaintiff requests that this Court permit Plaintiff to distribute a reminder postcard via traditional U.S. mail and follow-up email regarding the Notice to putative class members. However, the Court does not believe a reminder is necessary or appropriate to effectuate notice during the ninety-day period. *See Santinac v. Worldwide Labor Support of Ill., Inc.*, 107 F. Supp. 3d 610, 619 (S.D. Miss. 2015) (denying plaintiff's request to send a reminder notice in FLSA action). Accordingly, Plaintiff's request to disseminate reminder notices shall be denied.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Conditional Certification, for Disclosure of Contact Information, and to Send Notices. (Doc. 5). It is hereby **ORDERED** that the Parties shall comply with the following deadlines and directives:

It is **ORDERED** that the Plaintiff shall, within **three (3) business days** of this Order, file with the Court a Revised Proposed Notice that complies with this Order.

It is further **ORDERED** that Defendant shall, within **fourteen (14) days** of this Order, provide Plaintiff's counsel with the names, last known addresses, e-mail addresses, and telephone numbers of the potential opt-in plaintiffs ("Court-Ordered Information"), in a usable electronic format. Telephone numbers shall not be used to solicit.

It is further **ORDERED** that Defendant shall, within **fourteen (14) days** of this Order, post the Revised Proposed Notice in the same areas in which Defendant is required to post other government-required notices.

It is further **ORDERED** that Defendant shall, within **seven (7) days** of posting, certify to the Court in writing that the proposed Notice has been posted. Defendant may remove the posted Notice after the expiration of the notice period ordered by the Court (**ninety (90) days** from the date Defendant provides Plaintiff with the Court-Ordered Information).

It is further **ORDERED** that Plaintiff's counsel shall, upon obtaining the Court-Ordered Information, be permitted to send notices of this action in the form set forth in Plaintiff's Revised Proposed Notice, by mail and email, for a period of **ninety (90) days** from the date Defendant provides Plaintiff with the Court-Ordered Information.

It is further **ORDERED** that Plaintiff's counsel shall file an advisory of any sending of such notices with this Court within **three (3) business days** of doing so. In such advisories, Plaintiff's counsel shall specify the date and manner by which the notices were sent.

It is further **ORDERED** that the notice shall inform all potential opt-in plaintiffs that they shall have until **ninety (90) days** from the date Defendant provides Plaintiff with the Court-Ordered Information to deposit in the mail or email their Notices of Consent to Join to counsel for Plaintiff.

It is finally **ORDERED** that Plaintiff's counsel shall have until **fifteen (15) days** after the expiration of the ninety-day notice period (which ends **ninety (90) days** from the date Defendant provides Plaintiff's counsel with the Court-Ordered Information) to file the Notices of Consent to Join of all opt-in plaintiffs they receive.

It is so **ORDERED**.

SIGNED this __18th__ day of __May__, 2016.

_____
ROBERT A. JUNELL
Senior United States District Judge